IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEREMY N. THOMPSON, | § | No. 342, 2016 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1409002172 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 28, 2016
Decided: October 17, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

### ORDER

This 17th day of October 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Jeremy N. Thompson, filed this appeal from his sentencing in the Superior Court on June 10, 2016 on a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Thompson's opening brief that the appeal is without merit. We agree and affirm.

(2)     In September 2014, Thompson pled guilty to a drug offense and was immediately sentenced to three years at Level V imprisonment suspended after thirty days for one year of Level III probation.  In June 2015, a *capias* issued for Thompson's arrest when he failed to report for his probationary supervision as required.

(3)     Thompson was located in New Jersey and was arrested there by New Jersey authorities on July 31, 2015, on a charge of being a fugitive from justice in Delaware.  In a New Jersey courtroom on August 4, 2015, Thompson waived extradition to Delaware.

(4)     On May 31, 2016, Thompson was returned to Delaware from New Jersey to face the VOP charge.  On June 10, 2016, the Superior Court found Thompson guilty of VOP and resentenced him, effective May 31, 2016, to two years and eleven months at Level V imprisonment suspended after six months.  The written sentence order included in the record states that the Department of Correction is "to calculate any credit time."

(5)     On appeal, Thompson claims that, because he was incarcerated in New Jersey solely as a result of his arrest on the Delaware *capias*, he is entitled to credit on the VOP sentence for the period of time from August 4, 2015, when he waived extradition, until May 31, 2016, when he was returned to Delaware to face the VOP charge.  In support of his claim, Thompson has submitted a copy of the New Jersey

2

court order dated August 4, 2015 directing the Camden County Correctional Facility to deliver Thompson "over to [Delaware], to go forthwith . . . and answer the said charges there pending against him."

(6) The State disagrees that Thompson is entitled to credit on his VOP sentence for the time he spent incarcerated in New Jersey. Contrary to Thompson's claim that he was arrested in New Jersey on the Delaware *capias* and held there for the sole purpose of being extradited to Delaware, the State contends that when Thompson was arrested in New Jersey on the Delaware *capias*, he was already in a New Jersey correctional facility because of a New Jersey weapon offense. According to the State, Thompson was returned to Delaware on May 31, 2016, after he finished serving the New Jersey sentence imposed for that offense.

(7) In support of its contentions, the State has submitted a "mugshot profile" of Thompson from the Office of the Sheriff Camden County, New Jersey, indicating that he was arrested on July 31, 2015 and that his "last arrest" was for three weapon offenses. Also, the State has submitted a fax cover sheet dated May 24, 2016, from the Camden County Department of Corrections informing a Delaware detective that Thompson "[h]as no local charges. Has signed a waiver of extradition and is ready for pick-up A.S.A.P."

(8) Thompson is correct that, under Delaware law, a defendant is entitled to Level V credit on a VOP sentence for all prior time actually served at Level V

3

awaiting disposition of a VOP charge.[1] The State is correct, however, that a defendant is not entitled to credit for any period of incarceration on an unrelated sentence, or, in particular, a sentenced served in another jurisdiction.[2]

(9) "It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court."[3] When considering an appeal, the Court generally is confined to reviewing "the original papers and exhibits" that were presented to the trial court.[4]

(10) In this appeal, Thompson asserts that there was an "on the record" discussion at his June 10 VOP sentencing "concerning the time credit that [he] would receive," and that he was sentenced "without receiving the credit to begin from August 4, 2015" because "there was no record immediately available to reflect when or if [he] gave Delaware consent to extradite with no challenge." According to Thompson, the Department of Correction was supposed to get those records and calculate the credit time due to him and has not.

(11) To the extent Thompson contends that his claim for credit for time served is supported by what was said at his VOP sentencing on June 10, 2016, his

---

[1] 11 *Del. C.* § 3901(c) (Supp. 2016); *Noble v. State*, 2009 WL 3588330 (Del. Nov. 2, 2009).

[2] § 3901(b); *Brown v. State*, 2009 WL 1578949 (Del. June 5, 2009).

[3] *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) (citing Del. Supr. Ct. R. 8).

[4] *Id.* (quoting Del. Supr. Ct. R. 9(a)).

4

contentions are unavailing. Without the sentencing transcript, which Thompson did not request as part of this appeal, the Court cannot review what was discussed during that proceeding.[5]

(12) The New Jersey documents submitted by Thompson and the State were not submitted to the Superior Court in the first instance and are not a part of the record in this appeal from Thompson's sentencing. Under these circumstances, in the absence of any indication in the record that Thompson's claim of credit for time served was raised in the Superior Court, and with the resolution of the claim relying, at least in part, on documents that were not submitted to the Superior Court in the first instance, the Court concludes that the claim is not ripe for appellate review.[6]

(13) The Court's appellate review of a sentence generally is limited to whether the sentence exceeds the statutory limits.[7] Under 11 *Del. C.* § 4334(c), when imposing sentence for a VOP, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[8] In this case, Thompson does not allege, and the record does not reflect, that the VOP sentence imposed on June 10, 2016 exceeded

---

[5] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987); *Albanese v. State*, 2012 WL 3115480, at *2 n.2 (Del. July 31, 2012).

[6] Del. Supr. Ct. R. 8.

[7] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

[8] 11 *Del. C.* § 4334(c) (Supp. 2016).

the balance of the Level V time remaining to be served on the underlying drug conviction.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice